**Mary Lou SPENCER, on her own behalf and on behalf of all persons similarly situated, Plaintiff,**

v.

**Shirley TOUSSAINT et al., Defendants.**

**Civ. A. No. 74–70669.**

United States District Court,
E. D. Michigan, S. D.

Sept. 23, 1976.

Judith Dennehy Doran, Birmingham, Mich., and Gabe Kaimowitz, Michigan Legal Services, Detroit, Mich., for plaintiff.

Michael Hurvitz, Detroit, Mich., for defendants.

## ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

CORNELIA G. KENNEDY, District Judge.

The evidence presented at the trial of the class action portion of this case was silent as to whether procedures existed for the processing and hearing of appeals by the

Civil Service Commission should an applicant seek to appeal rejection for employment by the Civil Service Commission for medical reasons. Because of the class aspect of this action and public interest in its issues the Court set the matter for further hearing where evidence in this area could be presented.

Defendant called Ralph Posner, whose title is administrative personnel examiner. He had been a long-time employee of the Civil Service Commission. He testified that until new regulations were adopted by the Commission, effective July 1976, applicants were not advised of any rights to appeal when they were sent a rejection notice. If an applicant came in to the office and complained, that applicant might or might not be advised of his right to appeal under Rule IV, section 5, of the Civil Service Commission Rules, depending upon whom he talked to; whether he accepted any explanation given as to the reason for the rejection or continued to object. If an appeal were filed, he testified, it was referred to the Hearing Division of the Civil Service Commission which would investigate and make a report to the Commission. This report could recommend the affirmance of the rejection or reversal of the rejection. If it recommended reversal that recommendation would be adopted. If it did not recommend reversal the Commissioners would decide whether to have a hearing or adopt the recommendation of the Hearing Division. The witness was not a member of the Commission and did not know which applicants, who appealed, were granted hearings. However, he had attended hearings where applicants and witnesses were heard by the Commission. He stated that the action of the Commission in granting or denying hearings, as well as the hearings themselves are matters of public record. He was not familiar with whether any other personnel examiner advised claimants of their right to appeal and was not aware of Ms. Toussaint's practice in this regard.

The Court finds that "the machinery" was available for an administrative hearing if an applicant had filed an appeal as provided and permitted by Rule IV, Section 5.

 Section 5 requires that an appeal set forth "substantial reasons that the rating given him [the applicant] was improper and erroneous." Due process does not require a hearing on every rejection of an application for employment. The requirement that substantial reasons be set forth is not unreasonable. Nor does the Court believe that due process requires that disappointed applicants be advised of their right to appeal. This right was set forth in the published Commission Rules.

In its earlier opinion in this action, 408 F.Supp. 1067 (D.C.1976), the Court ruled:
Because City employees have apparently also misconstrued the breadth of these rules, the class of Plaintiffs is entitled to be advised that they may, in fact, present "valid evidence of qualification" in the form of present psychiatric reports or other evidence of present mental health if they still wish employment at this time. Any objections to the timeliness of such requests will be overruled in view of the conduct of City employees in failing to advise applicants of this right to appeal when they inquired. In view of the lapse of time that has occurred, the Court believes it would be impossible to determine on an individual basis whether such inquiry had been made.

 The evidence in the trial did not reveal that any member of the class aside from plaintiff Spencer had ever questioned his or her rejection for medical reasons. Since applicants were not entitled to be advised of rights to appeal the Court believes it was in error in requiring the City to notify other members of the class of such a right. That portion of the Court's opinion is, therefore, withdrawn and the relief referred to there is limited to the named plaintiff, Ms. Spencer.

Since the Court has now adjudicated all matters relating to the class and all Constitutional claims raised both by the class and the named plaintiff, a final Judgment may be entered on the class claims for relief, there being no reason for delay.